Pat S. HOLLOWAY, et al.,
Plaintiffs-Appellants,

v.

Judge Dee Brown WALKER, et al.,
Defendants-Appellees.

Pat S. HOLLOWAY, Plaintiff-Appellant,

v.

Judge Dee Brown WALKER, et al.,
Defendants-Appellees.

In re Pat S. HOLLOWAY, Petitioner.

Nos. 85–1289, 86–1549 and 86–1164.

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1986.

Pat S. Holloway, Atty., pro se.

Barefoot Sanders, U.S. Dist. Judge, Marvon Collins, U.S. Atty., Jack Ayres, Timothy Vineyard, Clint T. Peoples, U.S. Marshal, Dallas, Tex., for defendants-appellees.

Thomas V. Murto, III, R. Jack Ayres, Jr., Dallas, Tex., for the Browning Interests.

Edwin E. Wright, III, Dallas, Tex., for Ayres.

James E. Cowles, Philipa Remington, Judith Winston, R. Brent Cooper, Dallas, Tex., for G.H. Kelsoe, Jr.

Bruce W. Claycombe, Kenneth L. King, Dallas, Tex., for Judge Dee Brown Walker.

Doretha Vidal, Roderic G. Steakley, Dallas, Tex., for American Petroleum Partners.

J.R. Hurt, pro se.

Whitley R. Sessions, Dallas, Tex., pro se.

Before CLARK, Chief Judge, POLITZ, and WILLIAMS, Circuit Judges.

PER CURIAM:

On March 19, 1986, this court referred to the United States District Court for the Northern District of Texas all factual disputes inherent in the positions of the parties in Cause 85–1289 as to the status of Pat S. Holloway as a consular officer of Bolivia. That court responded with the following adjudication:

Pat S. Holloway was an Honorary Bolivian Consul from January 28, 1969 to February 1973.

Pat S. Holloway's status as an Honorary Bolivian Consul was terminated in February 1973.

Pat S. Holloway has not been an Honorary Bolivian Consul at any time from February 1973 to the present.

In February 1979 the Consul of Bolivia notified Pat S. Holloway by letter that his Honorary Consulate of Bolivia in Dallas, Texas, " ... has been abolished for quite a long time." (English translation). At least since February 1979 Pat S. Holloway has had actual and constructive notice of the termination of his status as an Honorary Bolivian Consul.

Pat S. Holloway filed a notice of appeal from that adjudication. It was docketed as Cause 86–1549 by the Clerk of this court. The Clerk erroneously assigned a separate docket number to this notice of appeal. This was not a separate proceeding. Rather, it was an adjudication made by the district court in the course of referred proceedings in Cause 85–1289 for the accommodation of this court and the parties. Although Holloway claims that the adjudications made by the district court are in error, he recognizes that this order remains a part of the original action. *Sua sponte*, the Clerk is directed to consolidate into Cause 85–1289 for all purposes the proceedings docketed as Cause 86–1549.

Holloway asserts that the district court erred in determining that his honorary consular status be terminated. He refers to the proclamation of the President of Bolivia naming him an Honorary Consul and another proclamation of the President of the United States recognizing this status. These respective documents were executed in late 1968 and early 1969. He asserts that his status as honorary consul of a foreign country is presumed to continue until revoked by both presidents, events he asserts have never occurred.

■ According to Holloway, his consular status was conferred for the convenience of an acquaintance who was doing business in Bolivia in 1969. He further asserts that his full time occupation as a Texas businessman continued unabated and uninterrupted at all times. He makes no showing that any consular activity has taken place since Bolivia terminated his honorary relationship in 1973. Holloway exhibited a certificate from the Department of State attesting that a search of its records revealed no revocation or withdrawal of his exequatur. However, this officer further certified that no practice of revoking or cancelling such documents was known to the Department. The defendants exhibited to the district court documentary proof from the Department of State, the Bolivian Embassy in Washington, D.C., and the Consul General in Houston, Texas attesting the termination of Holloway's former status in 1973. We accept and adopt each and all of the factual findings reported by the district court.

■ If the issue in this court does not turn on the fact of Holloway's lack of official status with the nation of Bolivia, we hold in the alternative that his honorary, superannuated connection of local convenience with Bolivia does not accord an ordinary businessman diplomatic immunity from civil litigation in courts in the United States. Further, in the alternative, we hold that if Holloway was ever entitled to plead diplomatic immunity in the courts of the State of Texas, this right was waived by his action in withholding such plea until the unsuccessful termination of such litigation. We refuse to recognize any diplomatic status conferred on Holloway by Bolivia as sufficient to render the decision against him as void.

Holloway has advised this court that he has petitioned the Supreme Court of the United States to review some or all of the three proceedings he has commenced in this court in connection with the dispute between him and the defendants. It is therefore important to the due administration of justice to bring the basic proceedings in this court to a close so Supreme Court review can be accomplished without procedural uncertainty.

We therefore ORDER that in Cause 85–1289 (into which we have consolidated *sua sponte* for all purposes the "appeal" from the interim order of reference to the district court docketed as 86–1549), the petition for rehearing is DENIED and no judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.

We further ORDER that in cause 86–1164, treating the suggestion for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. No judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc in Cause 86–1164 is DENIED.

This order finally terminates all proceedings in the United States Court of Appeals for the Fifth Circuit related to the decisions of the United States District Court for the Northern District of Texas in all proceedings heretofore brought by Pat S. Holloway against the defendants. There is excepted from this order the petition addressed to this Court requesting the imposition of sanctions on Holloway, his wife, daughters, and counsel, Johnson, which was filed January 13, 1986 and supplemented on July 17, 1986 in Cause 85–1289. In the interest of justice under the circum-

stances, we deem it appropriate to refrain from acting on that petition until the time for perfecting an application for a writ of certiorari to the Supreme Court of the United States has expired, or, if such writ application be duly and timely filed, until that court has completed its action thereon. 28 U.S.C. § 2106.

The reservation of action on this position for sanctions is without effect on the finality of all other actions herein and the Clerk is directed to issue the mandate of this court in due course in Causes 85–1289 and 86–1164. Cause 86–1549 is terminated by consolidation with Cause 85–1289.