Pat S. HOLLOWAY, et al.,
Plaintiffs-Appellants,

v.

Judge Dee Brown WALKER, et al.,
Defendants-Appellees.

No. 85–1289.

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1987.

Opinion on Reconsideration
April 15, 1987.

Pat Holloway, pro se.

Joe H. Reynolds, Houston, Tex., Robert H. Frost, J.R. Hurt, Earl Luna, Dallas, Tex., James Kronzer, Houston, Tex., Whitley R. Sessions, Judith H. Winston, Dallas, Tex., for other defendants-appellees.

Edwin E. Wright, III, Dallas, Tex., for Ayres.

Bruce W. Claycombe, Dallas, Tex., for Judge Dee Brown Walker.

Dorothea L. Vidal, Dallas, Tex., for American Petroleum Partners.

Dale Ossip Johnson, Austin, Tex., for plaintiffs-appellants.

Thomas V. Murto, III, Dallas, Tex., for Browning Interests.

R. Brent Cooper, Dallas, Tex., for G.H. Kelsoe, Jr.

Before CLARK, Chief Judge, POLITZ and WILLIAMS, Circuit Judges.

BY THE COURT:

In the above appeal portion of this protracted and acrimonious litigation, defendants suggested that plaintiffs' counsel, Pat Holloway and Dale Ossip Johnson, be suspended or disbarred and that criminal contempt and disciplinary action against them would be appropriate. The merits of the appeal in which these suggestions were made was finally concluded by the court's opinion of September 22, 1986. 800 F.2d 479. However, because plaintiffs had sought a writ of certiorari from the Supreme Court, we withheld action on this suggestion for sanctions. The Supreme Court has now denied certiorari and the suggestion is before us.

It is not necessary for purposes of this suggestion to describe in any detail the numerous actions that have resulted from the dispute between the parties. In at least eight proceedings in several state and federal courts, they have litigated bankruptcy, civil rights, habeas corpus, RICO, trust, and turnover issues. In the present request for relief, the defendants direct this court's attention to Holloway's claim of diplomatic immunity, which the district court found was factually without merit, his asserted misrepresentation of the status of state court litigation in Lee County, Texas, and his assertions that his wife and adopted daughters were prepared to resist the district court's turnover orders with armed force. Defendants also claim that plaintiffs' counsel have vexatiously and improperly multiplied the litigation between them.

Many of defendants' contentions are well taken, as the findings of the district court on the belated and spurious claim of diplomatic immunity and Holloway's deposition concessions regarding armed resistance demonstrate. However, litigation is still pending before another panel of this

court, before the district court in the form of an appeal from a ruling of the bankruptcy court, and in the state court system. We deem it inappropriate in the instant completed appeal to grant the requested sanction of disbarment or to commence criminal contempt proceedings against counsel.

■ While the appeal was not frivolous when commenced, the contentions of counsel for plaintiffs regarding diplomatic immunity were clearly lacking in legal or factual substance and the assertions regarding armed resistance should not have been made. These diversions were costly to the court and counsel for defendants and unnecessarily complicated and delayed this appeal. Based upon the improper actions of counsel Holloway and Johnson directly related to this appeal, we direct the assessment against each of them jointly and severally of all costs in the present appeal and counsel fees of defendants in the amount of $5,000.

The clerk is directed hereby to tax such costs and counsel fees against Pat Holloway and Dale Ossip Johnson in this cause.

## ON RECONSIDERATION

On January 27, 1987 we entered an opinion order directing the Clerk to tax costs in this cause and counsel fees of defendants in the amount of $5,000 jointly and severally against Pat S. Holloway and Dale Ossip Johnson.

Dale Ossip Johnson has applied to the court for reconsideration of the portion of this order imposing the sanction on him. On such reconsideration, we agree that Johnson's actions in his representation of Brenda Holloway, Stacey Holloway and Shelly Holloway were not shown to be such that he should have been included in the sanctions imposed. Counsel opposite correctly observes that Johnson's representation of these parties was for the obvious purpose of supporting the unnecessary, complicating and delaying tactics adopted by Pat S. Holloway. However, our reconsideration convinces us that the proof does not establish that Johnson's actions as counsel must have been based on less than a belief formed after reasonable inquiry that the assertions made were well grounded in fact.

Our prior order is modified to delete the sanction imposed on Dale Ossip Johnson. The order shall remain in full force and effect as to Pat S. Holloway.