UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-5308
Summary Calendar
_____

DEBORAH A. KERSHAW,

Plaintiff-Appellant,

versus

DONNA E. SHALALA
Secretary, Department of
Health and Human Services,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana
_____

(November 23, 1993)

Before GARWOOD, SMITH and DEMOSS, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Deborah Kershaw (Kershaw) filed in district court a motion for attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), after the district court had remanded her suit challenging the denial of her application for Social Security disability benefits. The district court entered an order staying the application for fees pending the resolution of the administrative proceedings on remand. Because we conclude we are without appellate jurisdiction, we dismiss the appeal.

## Facts and Proceedings Below

Kershaw sought judicial review of a final decision by the Secretary of Health and Human Services (the Secretary) denying her application for disability benefits under the Social Security Act, 42 U.S.C. § 401 *et seq.* The Secretary had ruled that Kershaw failed to satisfy step four of the sequential evaluation because she was capable of returning to her prior work as a waitress.[1] On November 6, 1991, the district court ruled that the record did not contain substantial evidence to sustain the Secretary's decision and entered an order reversing her determination as to step four and remanding the case for further proceedings to determine if Kershaw was capable of performing other employment. On January 17, 1992, Kershaw filed an EAJA motion to recover attorneys' fees and expenses incurred in successfully challenging the Secretary's determination of step four. On April 7, 1992, ruling that Kershaw was not a "prevailing party" because any benefits she might receive were contingent on the administrative proceedings on remand, the magistrate judge ordered that the application for fees be held in

---

[1]    The Secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working?  (2) Can the impairment be classified as severe? (3) Does the impairment meet or equal a listed impairment in Appendix One of the Secretary's regulations?  (in which case, disability is automatic) (4) Can the claimant perform her previous relevant work?  and (5) Is there other work available in the national economy that the claimant can perform?  20 C.F.R. 404.1520, 416.920 (1992).  In the present case, the Secretary determined that (1) Kershaw had not engaged in substantial gainful activity since 1986; (2) she had severe polymyositis; (3) she did not have an impairment listed in Appendix One; but (4) she was able to perform her previous relevant work.  Once the Secretary determined that Kershaw did not satisfy step four, she terminated her review and denied benefits without the need to consider step five.  20 C.F.R. 404.1520(a).

2

abeyance pending the step five determination. On December 16, 1992, the district court adopted the magistrate's ruling and entered an order staying the application for attorneys' fees until the outcome on remand. Kershaw now appeals the district court's order staying her application for attorneys' fees. We dismiss the appeal for want of jurisdiction.

## Discussion

At the time the district court ruled that Kershaw was not a "prevailing party", its decision followed then-existing precedent in this Circuit. *Bertrand v. Sullivan*, 976 F.2d 977, 979 (5th Cir. 1992). *See also Sullivan v. Hudson*, 109 S.Ct. 2248, 2254-55 (1989) ("[W]here a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known."). The Supreme Court, however, has since ruled that a party obtaining a "sentence four" judgment reversing the Secretary's denial of benefits is a "prevailing party" under sentence four of 42 U.S.C. § 405(g) regardless of the outcome on remand.[2] *Shalala v. Schaefer*, 113 S.Ct. 2625, 2631-32 (1993). Although *Schaefer* likely renders the district court's stay order improper, we are without jurisdiction to entertain this appeal because the order is interlocutory and is

---

[2]    Sentence four of section 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

3

not within a recognized exception.[3]

I.   Finality

For this Court to exercise appellate jurisdiction, we must first determine whether the district court's order staying Kershaw's EAJA motion was a final appealable judgment for purposes of 28 U.S.C. § 1291.  An order staying judicial proceedings is ordinarily not considered final and is hence not appealable.  *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 103 S.Ct. 927, 934 n.10 (1983).  Kershaw argues that the district court's order is appealable under the exception stated in *Moses Cone* for situations in which the "stay order amounts to a dismissal of the suit" because it will put the party "effectively out of court." *Id*. at 934.  The narrow holding in *Moses Cone*, however, does not encompass the present stay order.  In *Moses Cone*, the Court held that "a stay order is final when the sole purpose and effect of the

---

[3]     In *Bertrand* this Court reviewed a similar appeal of a district court order staying an EAJA motion for attorneys' fees pending resolution of the administrative proceedings on remand. We do not consider our exercise of jurisdiction in *Bertrand* to constitute a binding precedent, however, because the jurisdictional issue was neither raised by the parties nor addressed by the Court.  *See, e.g., United States v. L.A. Tucker Truck Lines*, 73 S.Ct. 67, 69 1952) (. . . "this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silentio*" (footnote omitted, citing numerous cases)); *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 n.10 (5th Cir. 1985); *Clifton v. Heckler*, 755 F.2d 1138, 1145 n.14 (5th Cir. 1985).  *See also United States v. Mitchell*, 46 S.Ct. 418, 419-20 (1926).  *Cf. Norton v. Mathews,* 96 S.Ct. 2771, 2775 (1976) (stating that "there is no need to decide the theoretical question of jurisdiction . . . when the case alternatively could be resolved on the merits in favor of the same party"); *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 496-97 n.8 (5th Cir. 1988) (en banc) (electing not to resolve a difficult issue of jurisdiction because the same result would be reached on the merits).

4

stay are precisely to surrender jurisdiction of a federal suit to a *state* court."[4]  *Id*. at 934 n.11 (emphasis added).   Because "arbitrability was the only substantive issue present in the federal suit . . . a stay of the federal suit pending resolution of the state suit meant that there could be no further litigation in the federal forum; the state court's judgment on the issue would be res judicata." *Id*. at 934.  This result would not occur, and hence the *Moses Cone* exception should not apply, where a district court enters an order staying its own proceedings in favor of other proceedings within the same federal judicial system.  *See Equal Employment Opportunity Comm'n v. Neches Butane Products Co.*, 704 F.2d 144, 151 (1983) ("*Moses Cone* was unique because the district court's *Colorado River* stay order put the plaintiff 'effectively out of court' and kept the means for returning to court entirely beyond the plaintiff's control.").  The eventual decision of the Secretary will be fully reviewable by the district court, and that court's decision will be fully reviewable by this Court.  Thus, unlike certain abstention stay orders, the present order does not deprive the plaintiff of an effective appeal in a federal forum.

---

[4]   The lower court in *Moses Cone* issued the stay pursuant to the abstention doctrine first announced in *Colorado River Water Conservation Dist. v. United States*, 96 S.Ct. 1236 (1976).  This Circuit has also found the *Moses Cone* exception to apply to cases involving *Burford*-type abstention, *Bernhardt Marine Ins. v. New England Int'l Surety of America, Inc.*, 961 F.2d 529, 531 (5th Cir. 1992), as well as federal court abstention under the *Younger* doctrine.  *Allen v. Louisiana State Board of Dentistry*, 835 F.2d 100 (5th Cir. 1988).  Each of these abstention doctrines leads to a common resultSQthe resolution of the state case necessarily terminates the federal case.

II.  Collateral Order Doctrine

We also consider whether the district court's order is appealable under the collateral order doctrine despite its lack of finality.  In order to be reviewable under this doctrine, an order must meet four requirements: (1) The order must finally dispose of an issue so that the district court's decision may not be characterized as tentative, informal or incomplete; (2) the question must be serious and unsettled; (3) the order must be separable from, and collateral to, the merits of the principle case; and (4) there must be a risk of important and irreparable loss if an immediate appeal is not heard because the order will be effectively unreviewable on appeal from final judgment.  *Coopers & Lybrand v. Livesay*, 98 S.Ct. 2454, 2458 (1978); *Equal Employment Opportunity Comm'n. v. Kerrville Bus Co., Inc.*, 925 F.2d 129, 134 (5th Cir. 1991); *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 207-08 (5th Cir. 1900).[5]

Absent a *Moses Cone* situation, stay orders rarely satisfy these requirements, and therefore, are usually not reviewable as collateral orders.  The present stay order is no exception.  First, the district court's order could certainly be characterized as tentative and incomplete.  In *Coopers v. Lybrand*, for instance, the Court characterized a district court's order as "inherently tentative" where the order could be "altered or amended before the

---

[5]    There may be some question whether the second requirement is still viable.  *See Marler v. Adonis Health Products*, 997 F.2d 1141, 1143 (5th Cir. 1993).  We need not resolve that issue here, as we do not rely on this requirement in holding the order in question not within the collateral order doctrine.

decision on the merits." *Coopers & Lybrand*, 98 S.Ct. at 2458 n.11. The present order does not prevent Kershaw from recovering her fees for the charges incurred in gaining the sentence four remand; rather it directs her to "file an updated application for attorney's fees within 30 days of the final decision of the Secretary if the plaintiff is a 'prevailing party' on remand." Given that the Supreme Court's subsequent ruling in *Schaefer* indicates that Kershaw may already qualify as a "prevailing party", a motion for reconsideration (accompanying an updated application for fees) may be appropriate to allow the district court to "alter or amend" its order in light of *Schaefer*. In addition, there is no risk of irreparable loss because the Secretary's final decision on remand will be reviewable as a final order. The only harm Kershaw could claim is a delay in the recovery of her fees. Such a loss is insufficient to warrant interlocutory review. *Cf. Shipes v. Trinity Indus. Inc.*, 883 F.2d 339 (5th Cir. 1989) (finding that an order granting interim attorneys' fees did not satisfy the collateral order doctrine because the order could be effectively reviewed upon entry of final judgment); *Kerrville Bus*, 925 F.2d at 135 (finding that the added expense of litigation does not constitute an irreparable harm). *See also Marler v. Adonis Health Products*, 997 F.2d 1141 (5th Cir. 1993).

III. Mandamus

When a district court for a legally erroneous reason refuses to act on a matter properly before it, mandamus is generally the appropriate remedy. Here, however, the district court's stay of the fee application was in accord with the law of this circuit at

the time, and the court did not have the benefit of *Schaefer*. There is no reason to believe that the district court, on proper application, will not reconsider its earlier stay in light of *Schaefer*.  In such circumstances, mandamus at this stage would appear inappropriate.  In any event, no application for mandamus has been filed.  *See Neches Butane*, 704 F.2d at 151-52.

## Conclusion

This Court lacks jurisdiction of the instant appeal and the appeal is accordingly

DISMISSED.

8