**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-10662

(Summary Calendar)

_____

MARIA VENTURA,

Plaintiff-Appellant,

versus

DAVID'S BRIDAL; DAVID'S BRIDAL, INC.; HARTFORD LIFE
& ACCIDENT INSURANCE COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth
4:99-CV-648-Y

January 22, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Maria Ventura ("Ventura") appeals the stay of her employment discrimination suit pending

the outcome of her attorney's disbarment proceedings in the District Court of Northern District of

Texas. We dismiss Ventura's appeal for lack of jurisdiction.

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in Fifth Circuit
Rule 47.5.4.

Ventura filed an employment discrimination action in federal court against David's Bridal, David's Bridal, Inc. and Hartford Life & Accident Insurance Company (collectively, "Appellees.") Judge Terry R. Means of the District Court of Northern District of Texas was assigned to preside over this case. Meanwhile, Judge Sidney Fitzwater, also of the District Court of Northern District of Texas, commenced disciplinary proceedings against David L. Smith ("Smith), who serves as Ventura's attorney. Smith was ordered to show cause why his membership in the bar of the Northern District of Texas should not be revoked. Smith has already been disbarred by the United States Supreme Court, the Federal Court of Appeals, Tenth Circuit, and the Colorado Supreme Court.

Judge Means issued an order temporarily staying all proceedings in the employment discrimination case until the disbarment proceeding in Judge Fitzwater's chambers was completed.[1] Ventura claims that the stay order is tantamount to denying her access to the courts because it could take years for Smith to adjudicate and appeal the disbarment proceeding. Thus, she appeals the district court's stay order.

As a general rule, a litigant cannot appeal a stay order because it ordinarily does not constitute a "final decision" of a district court. *See* 28 U.S.C. § 1291 (1993) ("The courts of appeals [] shall have jurisdiction of appeals from all final decisions of the district courts of the United States.") Ventura asserts three grounds of jurisdiction for this court to hear her appeal: the *Moses Cone* exception to 28 U.S.C. § 1291; the appealable interlocutory order pursuant to 28 U.S.C. § 1292(a)(1); and the collateral order doctrine. All of them are baseless.

First, Ventura cites the *Moses Cone* exception for stay orders. The Supreme Court has held

---

[1] On November 21, 2000, a three judge panel of the District Court of Northern District of Texas revoked Smith's bar membership. *See In re Smith*, 2000 WL 1769097 (N.D.Tex. 2000).

that a stay order is considered "final" if the "stay order amounts to a dismissal of the suit." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983). Ventura argues that a stay order virtually precludes her from pursuing this suit because she cannot afford to hire another lawyer and lacks the legal knowledge to proceed *pro se*. The *Moses Cone* exception does not apply in this case: it only applies when a stay in federal court (pending a resolution of a *state* suit) precludes the federal court suit by virtue of res judicata. *See id.* at 11, n.11 ("[A] stay order is final when the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit to a state court.") Thus, the "*Moses Cone* exception should not apply, where a district court enters an order staying its own proceedings in favor other proceedings *within the same federal judicial system.*" *See Kershaw v. Shalala*, 9 F.3d 11, 14 (5th Cir. 1993) (emphasis added).

Second, the stay order is not an appealable interlocutory order under 28 U.S.C. § 1292(a)(1) because it does not grant, continue, modify, refuse or dissolve injunctions. An "order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Hamilton v. Robertson*, 854 F.3d 740 (5th Cir. 1988).

Finally, contrary to Ventura's argument, the stay order does not constitute an appealable collateral order. For a litigant to benefit from the collateral order doctrine, he or she must show that: (1) the order finally disposes of an issue so that the district court's decision cannot be characterized as "tentative, informal or incomplete"; (2) the question is "serious and unsettled"; (3) the order is separable from, and collateral to, the merits of the underlying case; and (4) there is a risk of

"important and irreparable loss if an immediate appeal is not heard because the order will be

-3-

effectively unreviewable on appeal from final judgment." *Kershaw,* 9 F.3d at 14.

Ventura has failed to meet most of the requirements of the collateral order doctrine. First, the order is tentative because it only temporarily stays the proceedings until Smith's disbarment proceedings terminates. Second, it is undisputed and settled that a court may stay matters, pending a disciplinary proceeding. Third, Ventura has failed to show any irreparable harm. She claims that she can neither afford a new attorney or proceed *pro se*, but she has provided no evidence to support her claim.

We accordingly hold that we do not have jurisdiction to hear this appeal.[2]

DISMISSED.

---

[2] Assuming *arguendo* that we have jurisdiction to hear this appeal, we believe that the district court did not abuse its discretion in ordering the stay. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") Ventura offers only conclusory allegations that the district court engaged in "improper tactics" and "extortion." As to Smith's due process arguments, we believe that the court's discussion in *In re Smith*, 2000 WL 1769097 (N.D.Tex.) more than adequately rebuts them.