United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30294

CHRISTOPHER J. DRESSER,

Plaintiff-Appellant,

versus

THE OHIO HEMPERY INC.; ET AL.,

Defendants,

OAKMONT INVESTMENT COMPANY INC.; AMERICAN EMPLOYERS' INSURANCE
COMPANY; COMMERCIAL UNION INSURANCE COMPANY;

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 98-CV-2425-R)

Before REAVLEY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Christopher Dresser appeals the district
court's grant of a stay pending the outcome of a Coast Guard
administrative proceeding. As we are without jurisdiction to
hear the appeal, we dismiss.

## I. FACTS AND PROCEEDINGS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Dresser is a Coast Guard-licensed vessel engineer. He alleged that, prior to taking a Coast Guard drug test, he ingested "Hemp Liquid Gold," a product manufactured and distributed by Defendant-Appellee Oakmont Investment Company Inc. ("Oakmont"). Dresser failed the drug test, testing positive for marijuana/THC, as a result of which the Coast Guard sought to have Dresser's license revoked. A hearing was commenced by a Coast Guard Administrative Law Judge ("ALJ") in April 1998 and completed in June of that year. Two months later, Dresser sued Oakmont in federal district court seeking damages for emotional distress as well as significant loss of earnings, earning capacity, pension benefits, medical insurance and loss of other job-related benefits.

Early the following year, the ALJ ordered Dresser's license revoked, after which Oakmont sought a stay of the proceedings in district court pending the outcome of Dresser's administrative appeal. Oakmont's stay was granted and some two and one half years later the ALJ's decision was affirmed by the Coast Guard Commandant. Dresser appealed the Commandant's decision to the National Transportation Safety Board ("NTSB") which, after the passage of yet another year, reversed and remanded for new hearings because the original ALJ had a conflict of interest (the ALJ's son was representing Oakmont in the instant litigation).

The month after the NTSB reversed and remanded, Dresser filed a motion to reopen this case, which motion the district court granted. Oakmont again sought to stay the district court

proceeding pending a final result in the Coast Guard administrative proceedings. After oral argument and consideration of supplemental memoranda, the district court granted Oakmont's stay. Dresser seeks appellate review of the stay or, alternatively, a writ of mandamus.

## II. ANALYSIS

Before addressing the merits of the stay order, we must determine whether we have appellate jurisdiction. Generally, 28 U.S.C. § 1291 provides appellate jurisdiction only over final judgments of the district courts.[1] Stays do not typically qualify as final judgments for purposes of § 1291.[2] Dresser relies on two exceptions to § 1291's finality requirement to sustain our jurisdiction over this appeal: (1) the so-called death knell or "effectively out of court" exception; and (2) the collateral order doctrine. In the alternative, Dresser asks us to treat his appeal as a petition for mandamus. As a result of the narrow construction given to both the death knell exception and the collateral order doctrine, and the restriction of mandamus to "extraordinary

---

[1] "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291.

[2] "[A] stay is not ordinarily a final decision for purposes of § 1291." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 n.11 (1983); see also Kershaw v. Shalala, 9 F.3d 11, 14 (5th Cir. 1993) (same).

-3-

situations," we conclude that we do not have jurisdiction to hear Dresser's appeal.

## A.    THE DEATH KNELL EXCEPTION

The death knell or "effectively out of court" exception can be traced to the Supreme Court's decision in <u>Idlewild Bon Voyage Liquor Corp. v. Epstein</u>.[3] The plaintiff in <u>Idlewild</u> filed suit in federal court challenging the constitutionality of a state statute. The district court declined to convene a three judge panel and stayed the federal court suit under the <u>Pullman</u> abstention doctrine.[4] The Second Circuit disagreed with the district court, but dismissed for lack of appellate jurisdiction.  After the plaintiff was rejected by the district court for a second time, the Supreme Court granted certiorari and held that the district court's action was final and therefore reviewable by the appellate court, pointing out that the appellant "was effectively out of court."[5]

In <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, the Court narrowed the application of <u>Idlewild</u> to "cases where (under <u>Colorado River</u>, abstention, or a closely similar doctrine) the object of the stay is to require all or an essential

---

[3] 370 U.S. 713 (1962).

[4] <u>Idlewild Bon Voyage Liquor Corp. v. Rohan</u>, 188 F.Supp. 434 (S.D.N.Y. 1960).

[5] <u>Id.</u> at 715 n.2.

part of the federal suit to be litigated in a state forum."[6] Dresser relies primarily on our decision in <u>Granite State Insurance Co. v. Tandy Corp.</u> in support of his insistence that the death knell exception is applicable to his case.[7] In <u>Granite State</u>, we allowed the appeal of a stay order in favor of a state court proceeding, holding that "[w]here a stay order effectively dismisses the federal suit, as in this case, it is treated as a final order under § 1291."[8] Following the teaching of <u>Moses H. Cone</u>, we have expressly limited application of the death knell exception to cases in which the stay required all or essentially all of the suit to be litigated in state court.[9] Dresser's reliance on <u>Granite State</u> is misplaced because the stay in the present case does not require any part of a suit to be decided in a state forum; it requires a decision by a federal agency.

---

[6] 460 U.S. at 10 n.11; <u>see also</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 713 (1996).

[7] 986 F.2d 94 (5th Cir. 1992).

[8] <u>Id.</u> at 95.

[9] <u>See</u> <u>Kershaw</u>, 9 F.3d at 14 (acknowledging holding in <u>Moses</u> that limits use of exception to situations when the stay requires all or essentially all of the suit to be litigated in state court); <u>Kmart Corp. v. Aronds</u>, 123 F.3d 297, 300 (5th Cir. 1997) ("[T]his Court has stated that while it liberally construed the death knell exception in the past, it could no longer do so because the exception was limited to cases where the stay requires all or essentially all of the suit to be litigated in state court."); <u>United States v. L.J. Garner</u>, 749 F.2d 281, 288 (5th Cir. 1985) (same).

Dresser advances two arguments for why his case should still fall within the death knell exception.  First, he notes that the suit, although not relegated to state court, has been removed from a federal forum.  In Kershaw v. Shalala, we rejected this line of reasoning.[10]  The plaintiff in Kershaw had been denied disability benefits under the Social Security Act by the Secretary of Health and Human Services.  The district court ruled that the record did not contain substantial evidence to sustain the Secretary's decision and entered an order reversing and remanding.  The plaintiff filed a motion to recover attorney's fees and expenses as provided by statute.  The district court stayed the application pending disposition by the administrative agency on remand.  The plaintiff appealed the district court's stay order but we dismissed for lack of appellate jurisdiction, refusing to apply the death knell exception:

> The eventual decision of the Secretary will be fully reviewable by the district court, and that court's decision will be fully reviewable by this Court.  Thus, unlike certain abstention stay orders, the present order does not deprive the plaintiff of an effective appeal in a federal forum.[11]

As was the situation in Kershaw, Dresser will not be deprived of an "effective appeal in a federal forum."  The decision in the Coast Guard administrative proceeding will ultimately be reviewable by federal district and appellate courts.  Dresser tries to

---

[10] 9 F.3d 11 (5th Cir. 1993).

[11] Id. at 14.

-6-

distinguish the cases by highlighting the fact that the district court that issued the stay here will not be the same one that conducts the review, as it was in Kershaw. This is a quintessential distinction without a difference. The concern animating the death knell exception is with an effective appeal in "a" federal forum, not in the same federal forum in which the plaintiff chose to file his action.[12]

Second, Dresser argues that the stay is the equivalent of putting him out of court as a result of the unconscionable delay that the administrative proceeding and its review will create. Dresser relies entirely on our decision in Hines v. D'Artois, in which we allowed review of a district court's sua sponte decision to stay a case brought under §§ 1981 & 1983 pending exhaustion of Title VII administrative proceedings in the EEOC.[13] Noting that the EEOC proceedings would likely take eighteen months, if not longer, we ruled that the stay order effectively put the plaintiffs out of court for a protracted and indefinite period.[14] Although Hines has never been overturned, subsequent case law has made its

---

[12] Neither is Dresser deprived of an effective appeal in a federal forum if a decision in the administrative proceeding will have no collateral estoppel effect in the instant case. As the death knell exception fails for other independent reasons, it is unnecessary to examine the collateral estoppel effect that a decision by the Coast Guard administrative board would have on this case.

[13] 531 F.2d 726 (5th Cir. 1976).

[14] See id. at 731-32.

precedential value questionable.  In coming to its conclusion, this court in <u>Hines</u> relied on the Supreme Court's decisions in <u>Idlewild</u> and <u>Gillespie v. United States Steel Corp.</u>,[15] two rulings that were narrowed substantially in the years following <u>Hines</u>.[16]

In light of our recent decision in <u>Kershaw</u>, and the very narrow interpretation given to the death knell exception by both the Supreme Court and this circuit, we hold that the death knell exception is unavailable as a basis for appellate jurisdiction.

**B.**    **COLLATERAL ORDER DOCTRINE**

Dresser argues in the alternative that the denial of his motion for a stay is appealable under the exception to the finality rule espoused in <u>Cohen v. Beneficial Loan Corp.</u>,[17] generally known as the collateral order doctrine.  In this circuit, "an order may be appealed under the <u>Cohen</u> exception if the appellant demonstrates that the order (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from

---

[15] 379 U.S. 148 (1964).

[16]    <u>See</u> <u>Moses H. Cone</u>, 460 U.S. at 10 n.11 (limiting the reach of <u>Idlewild</u> to instances when a stay forces all or an essential part of a federal suit to be litigated in a <u>state</u> forum); <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463 (1978) (narrowing <u>Gillespie</u> to its unique facts).  In <u>Kmart</u>, we noted that <u>Gillespie</u>'s finality exception was no longer recognized in our circuit.  123 F.3d at 300.

[17] 337 U.S. 541 (1949).

a final judgment."[18]  We have stated that "the collateral order doctrine is not to be applied liberally.  Rather, the doctrine is extraordinarily limited in its application."[19]  The requirements of the collateral order doctrine are conjunctive; failure to satisfy any one of them defeats appellate jurisdiction.[20]  As the district court's stay order does not "conclusively determine the disputed question," it does not qualify as a collateral order.[21]

The Supreme Court, which analyzed the first prong of the test for the collateral order doctrine in both Moses Cone and Gulfstream Aerospace Corp. v. Mayacamas Corp., contrasted two types of orders: those that are "inherently tentative" and those that, although technically amendable, are "made with the expectation that they will be the final word on the subject addressed."[22]  In Moses Cone,

---

[18] A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n, 233 F.3d 895, 898 (5th Cir. 2000)(citing Acoustic Systems, Inc. v. Wenger Corp., 207 F.3d 287, 290 (5th Cir. 2000) and Coopers & Lybrand v. Livesay, 437 U.S. 463, 468-69 (1978)).

[19] Acoustic Systems, 207 F.3d at 291; see also Kershaw, 9 F.3d at 14 ("Absent a Moses Cone situation, stay orders rarely satisfy [the doctrine's] requirements, and therefore, are usually not reviewable as collateral orders.").

[20] Garner, 749 F.2d at 287.

[21] We note, without deciding the issues, that at least one other circuit, in an unpublished opinion, has held that a stay of proceedings in favor of federal agency proceedings does not satisfy the second or third prongs as well.  In re American Freight Systems, Inc., No. 92-3426, 1993 WL 356784, at *2-3 (10th Cir. Sept. 3, 1993).

[22] Moses H. Cone, 460 U.S. at 13; Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988).

the district court had entered an order under <u>Colorado River Water Conservation District v. United States</u> staying a federal diversity suit pending the completion of a declaratory judgment action that had been filed in state court.  The Supreme Court concluded that such an order is not tentative in nature and held that the stay was appealable under the collateral order doctrine.[23]  In <u>Gulfstream</u>, the Court was faced with the question whether the denial of a <u>Colorado River</u> stay order was appealable.   Answering in the negative, the Court contrasted the nature of the stay order in <u>Moses Cone</u> with the refusal to grant such a stay and concluded that a <u>Colorado River</u> stay "'necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case' because a district court may enter such an order only if it has full confidence that the parallel state proceeding will 'be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'"[24]

Regardless of whether the ultimate outcome of the Coast Guard administrative hearings will have some estoppel effect on Dresser's claims, it cannot be said that a "federal court will have nothing further to do in resolving any substantive part of the case."  Any decision by the ALJ will ultimately be reviewable in a federal district court and presumably in a federal appellate court as well.

---

[23] <u>Moses H. Cone</u>, 460 U.S. at 10.

[24] <u>Gulfstream</u>, 485 U.S. at 277 (quoting <u>Moses H. Cone</u>, 460 U.S. at 28).

If the administrative proceedings are stalled or terminated, the district court may choose to lift the stay; and it is virtually certain that the instant case will be resumed at least to some extent once the administrative proceeding is completed. As the district court's stay order is inapposite to the complete abdication of federal jurisdiction that was present in <u>Moses Cone</u>, the stay in favor of the federal administrative proceedings here does not fall into that narrow class of cases in which the collateral order doctrine applies.[25] We hold that the collateral order doctrine is not available to confer appellate jurisdiction in this instance.

## C. MANDAMUS

Finally, as we have failed to find the stay order otherwise appealable, we address briefly Dresser's alternative request that we issue a writ of mandamus directing the district court to vacate the stay. "'Mandamus is an extraordinary remedy reserved for extraordinary cases,' one granted 'not as a matter of right, but in the exercise of a sound judicial discretion.'"[26] The Supreme Court has ruled emphatically that mandamus must not be used as a substitute for appeal.[27] Mandamus is appropriate to correct the

---

[25] <u>Accord</u> <u>Cofab, Inc. v. Philadelphia Joint Bd., Amalgamated Clothing & Textile Workers' Union</u>, 141 F.3d 105 (3d Cir. 1998).

[26] <u>In re Occidental Petroleum Corp.</u>, 217 F.3d 293, 295 (5th Cir. 2000) (citing <u>Southern Pac. Transp. Co. v. San Antonio</u>, 748 F.2d 266, 270 (5th Cir. 1984)).

[27] <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 110 (1964).

-11-

grant of a stay only when there is a clear abuse of discretion.[28] Dresser "must show not only that the district court erred, but that it clearly and indisputably erred.[29]

The short paragraph in Dresser's brief requesting mandamus fails to carry this heavy burden. The district court made its decision after allowing full briefing and oral argument from both parties before concluding that a stay was proper. The court reasoned that (1) it would be wasteful for two separate tribunals to proceed on the same issue of liability simultaneously; (2) collateral estoppel could operate to bar Dresser's claim if he should fail at the administrative hearing to rebut the presumption of marijuana use through proof by a preponderance of the evidence that Hemp Liquid Gold was the cause of his failing the drug test; and (3) Dresser's theory of damages is largely predicated on the final outcome of the Coast Guard administrative proceedings. Without addressing whether the stay was providently granted, we hold that Dresser has failed to show clearly and indisputably that the district court's order falls under those "exceptional circumstances amounting to a judicial usurpation of power."[30] APPEAL DISMISSED.

---

[28] See Southern Pac. Transp. Co., 748 F.2d at 270.

[29] In re Occidental Petroleum Corp., 217 F.3d at 295 (internal citations omitted).

[30] Gulfstream, 485 U.S. at 289 (citations omitted).

-12-