United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51687
Summary Calendar

MOHAMMED H. GHARBI, also known as Mike Gharbi,

Petitioner-Appellant,

versus

ALBERT W. BLAKEWAY, Supervisory DAO, Naturalization Unit, USCIC,
San Antonio; KENNETH PASQUARELL, District Director, USCIC; JOHN
ASHCROFT, U.S. ATTORNEY GENERAL; TOM RIDGE, SECRETARY, DEPARTMENT
OF HOMELAND SECURITY; EDUARDO AGUIRRE, JR., Director, USCIS,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(1:04-CV-00693-SS)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM[*]:

Unsatisfied with the pace at which the U.S. Citizenship and

Immigration Service ("USCIS") was processing his application for

naturalization, in October 2004 Mohammed Gharbi ("Gharbi")

petitioned the district court under 8 U.S.C. § 1447(b) for it to

hear his naturalization claim.[1] Just two weeks later, however, a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Section 1447(b) authorizes an alien to "apply to the
district court for the district in which [he] resides for a hearing
on" his naturalization application if USCIS has not made a
decision on his application "before the end of the 120-day period
after the date on which" his naturalization examination is

federal grand jury in the Western District of Texas indicted Gharbi for conspiracy, mail fraud, wire fraud, bank fraud, money laundering, and aiding and abetting. Faced with Gharbi's indictment, the district court reasoned that "a determination regarding [his] eligibility for naturalization would be premature." It therefore stayed Gharbi's § 1447(b) action pending resolution of his criminal proceedings. After having twice moved unsuccessfully for the district court to reconsider its stay, Gharbi now appeals the district court's order denying his second motion for reconsideration, arguing that the court abused its discretion in ordering the stay of his § 1447(b) proceedings. We dismiss Gharbi's appeal for lack of jurisdiction.

Generally, we have jurisdiction to consider only an appeal from a district court's final judgment.[2] The parties agree that the district court's stay order — or, more precisely, its order denying Gharbi's second motion for reconsideration of the stay order — is not a final appealable judgment.[3] Instead, Gharbi

_____

conducted. The district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Id.

[2] See 28 U.S.C. § 1291; Kershaw v. Shalala, 9 F.3d 11, 13 (5th Cir. 1993). To be sure, Congress has expressly granted us jurisdiction over certain interlocutory orders. See 28 U.S.C. § 1292. Neither party, however, asserts 28 U.S.C. § 1292 as a basis for jurisdiction.

[3] See Kershaw, 9 F.3d at 14 ("An order staying judicial proceedings is ordinarily not considered final and is hence not appealable.").

-2-

premises our jurisdiction on an exception to 28 U.S.C. § 1291's final judgment rule: Cohen v. Beneficial Industrial Loan Corp.'s collateral order doctrine.[4]

A non-final order "come[s] within the 'small class' of decisions excepted from the final-judgment rule" if it "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment."[5] We have restated this rule with the following elements:

> (1) The order must finally dispose of an issue so that the district court's decision may not be characterized as tentative, informal or incomplete; (2) the question must be serious and unsettled; (3) the order must be separable from, and collateral to, the merits of the principal case; and (4) there must be a risk of important and irreparable loss if an immediate appeal is not heard because the order will be effectively unreviewable on appeal from final judgment.[6]

Other than conclusionally stating that the district court's "stay order is an appealable collateral order," Gharbi makes no attempt to demonstrate exactly how the order denying his second motion for reconsideration of the stay order meets our four-part test. Despite his omission, however, we conclude that it does not meet the test. And, as Gharbi asserts no other basis for our

---

[4] 337 U.S. 541 (1949).

[5] Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).

[6] Kershaw, 9 F.3d at 14.

jurisdiction, we dismiss his appeal.

The four-part collateral order test is conjunctive: If the order does not satisfy even one element, we lack appellate jurisdiction. Here, it is at least arguable that the first three elements have been satisfied.[7] But it is more than arguable —— indeed, we find it inescapable —— that the fourth element is not satisfied. This is because Gharbi has not demonstrated "a risk of important and irreparable loss if an immediate appeal is not heard because the order will be effectively unreviewable on appeal from final judgment."[8] Gharbi seems to contend that, by itself, the delay that the stay has caused and is causing to his naturalization proceedings is sufficient to constitute an "important and

---

[7] First, the order denying Gharbi's second motion for reconsideration may finally dispose of the instant disputed issue —— whether the stay should have been granted in the first place. Like "every order short of a final decree," the order is subject to reconsideration and, thus, inherently tentative. Moses H. Cone Mem'l Hosp. v. Mercury Constr., 460 U.S. 1, 12 (1983). But, as the Moses H. Cone Court demonstrated, this alone is not enough to deprive the order of sufficient finality for collateral order doctrine purposes. See id. at 12-13 (holding that the order at issue "'conclusively determine[d] the disputed question" because "there [was] no basis to suppose that the District Judge contemplated any reconsideration of his decision"). The district court here has twice denied reconsideration of his stay order; that may be enough to find that the court "conclusively determine[d] the disputed question." Second, the question is at least arguably serious: Staying Gharbi's § 1447(b) naturalization proceeding pending the outcome of his potentially long criminal proceedings could significantly delay resolution of his naturalization claim. And third, the question whether the stay order should have been granted is clearly separate from the merits of the § 1447(b) proceeding in which the stay arose.

[8] Kershaw, 9 F.3d at 14.

-4-

irreparable loss."  Delay alone, however, is not enough.[9]  "<u>Cohen</u> requires some showing of <u>extraordinary</u> harm," and Gharbi has not made such a showing.[10]  This appeal, therefore, is DISMISSED for lack of jurisdiction.

---

[9] <u>Cf.</u> <u>id.</u> at 15 (reasoning that delayed recovery of fees under the Equal Access to Justice Act is not a sufficient harm for collateral order doctrine purposes).

[10] <u>EEOC v. Neches Butane Prods. Co.</u>, 704 F.2d 144, 148 (5th Cir. 1983) (emphasis in original).