# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2010

Lyle W. Cayce
Clerk

No. 10-10189
No. 10-10301
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT JOHN BAZEMORE, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:07-CR-312-1
No. 3:10-CV-27

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Vincent Bazemore, Jr., federal prisoner # 37160-177, pleaded guilty to se-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

curities fraud and was sentenced to imprisonment, supervised release, and restitution. In No. 10-10189, he moves for leave to proceed in forma pauperis ("IFP") in his appeal of (1) the grant of the government's motion to sell property and apply the funds to the restitution, (2) the grant of the government's motion to apply funds to the restitution, and (3) the denial of his motion for a hearing concerning the writ of execution. He also moves to expedite the appeal. In No. 10-10301, he moves for leave to proceed "IFP" in his appeal of the denial of his motions to stay the enforcement of restitution pending the outcome of his 28 U.S.C. § 2255 motion and for release pending the outcome of that motion. He also moves for release pending appeal and to expedite the appeal. The appeals are hereby CONSOLIDATED. *See Holloway v. Walker*, 800 F.2d 479, 480 (5th Cir. 1986).

By moving for IFP here, Bazemore is challenging the district court's certifications that the appeals are not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). Concerning No. 10-10189, Bazemore has not adequately briefed any challenge to the orders being appealed, so he has abandoned the issue. *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999). Concerning No. 10-10301, he has not shown, in his appeal of the denial of release pending collateral review, that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). Additionally, he has not demonstrated that he was entitled to a stay of restitution pending the outcome of his § 2255 motion.

In light of the foregoing, Bazemore's IFP motions fail to show error in the district court's certification decision or to show that he will raise a nonfrivolous issue on appeal in either case. *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, the motions for leave to proceed IFP on appeal are DENIED, and the consolidated appeal is DISMISSED as frivolous.

2

No. 10-10189
No. 10-10301

*See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  Because the appeal is dismissed as frivolous, the motion for release pending appeal and the motions for an expedited appeal are DENIED.  All outstanding motions are DENIED.