# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2010

No. 10-10685
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VINCENT JOHN BAZEMORE, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-2237

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Vincent Bazemore, Jr. ("Bazemore") appeals the district court's stay order entered in the Government's garnishment action resulting from a restitution award granted pursuant to Bazemore's conviction for securities fraud. *United States v. Bazemore*, 3:07-CR-312-M (N.D. Tex. Sept. 22, 2009), *appeal dism'd*, No. 09-11005 (5th Cir. Jan. 4, 2010). Concluding that we lack jurisdiction, we DISMISS the appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10685

## I.  Factual Background and Case History

In 2009, Bazemore pleaded guilty to securities fraud and was sentenced to imprisonment, supervised release, and restitution of  over $15 million.  This set of facts has been the subject of several appeals by Bazemore, including this one.  In Case No. 10-10189, he appealed the district court's grant of a motion to sell property to collect the restitution, and in Case No. 10-10301, he appealed the district court's denial of his motion to stay the restitution order pending his action challenging the underlying conviction under 28 U.S.C. § 2255.  Those two actions were consolidated and dismissed as frivolous.  *United States v. Bazemore*, Nos. 10-10189 & 10-10301 (5th Cir. Sept. 17, 2010).  His petition for writ of mandamus to direct the district judge to recuse himself was denied in yet another appeal.  *In re Bazemore*, No. 10-10580 (5th Cir. Aug. 31, 2010).

In Bazemore's § 2255 action, he filed a motion for summary judgment which was denied.  His appeal of that ruling was dismissed for want of jurisdiction by this court.  *United States v. Bazemore*, No. 10-10762 (5th Cir. Oct. 6, 2010).  His petition for writ of mandamus regarding the district court's alleged failure to rule timely on his § 2255 application remains pending in this court under Case No. 10-11020.[1]

The current case stems from the Government's further efforts to collect the restitution order in the form of filing a garnishment action with respect to an annuity issued by Principal Life Insurance Company ("Principal Life") and which Bazemore contends is the separate property of his wife, Angelee Bazemore ("Angelee"), who intervened in the district court.  Neither Angelee nor Principal

---

[1] Bazemore also sued an FBI agent alleging wrongful seizure. That case was dismissed as frivolous, *Bazemore v. Abbott*, No. 3:10-CV-01444 (N.D. Tex. Sept. 29, 2010) and the appeal of that dismissal is pending under No. 10-11032. A prior case against the same FBI agent and others was also dismissed, *Bazemore v. Junker*, No. 3:10-CV-00720 (N.D. Tex. June 15, 2010), and the appeal was dismissed for want of prosecution. *Bazemore v. Junker*, No. 10-10480 (5th Cir. Aug. 13, 2010).

No. 10-10685

Life is a party to this appeal.  In the district court, the Government contends that the annuity policy is community property of Bazemore and Angelee, while they contend it is separate property.  The district court has not issued a ruling on this matter, however, because it stayed the garnishment case as a result of the pendency of a criminal investigation of a separate fraud from that which gave rise to the restitution order.  It is this stay order from which Bazemore appeals.

## II.  Jurisdiction

Through his numerous forays into the appellate process, Bazemore should be very familiar with the concept that this court must have jurisdiction before it entertains an appeal.  Nonetheless, he made no effort in his opening brief to address our jurisdiction at all.  Instead, he argued only that (1) the Government missed the deadline for filing a forfeiture action; (2) the Principal Life policy is Angelee's separate property; and (3) the "seizure has caused extreme hardship, and the continued possession will cause irreparable financial harm."

In response, the Government argued that this court lacks jurisdiction over this appeal because the district court's stay order is not final, was not certified by the district court for interlocutory appeal, and is not in the category of non-final orders that can nonetheless be appealed.  Additionally, the Government notes Bazemore's lack of standing to assert the alleged harm to Angelee from the stay because Bazemore's position is that he has no interest in the Principal Life policy.  In his reply brief, Bazemore again fails to address the court's jurisdiction arguing instead that the underlying restitution order cannot be enforced because it exceeded the court's power to enter it.[2]

---

[2]  As a result, Bazemore has arguably waived this court's consideration of exceptions to the finality rule. *See, e.g.*, *Kmart Corp. v. Aronds*, 123 F.3d 297, 299 n.4 (5th Cir. 1997) (determining that, by failing to brief the issue, the appellant waived any argument that the collateral order exception applied).

No. 10-10685

We conclude that the district court's stay order was neither a final judgment nor an order in the small category of cases allowing for an interlocutory appeal. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 & n.11 (1983) (noting the general rule "that a stay is not ordinarily a final decision" unless it puts the plaintiff "effectively out of court") (internal citation and quotation marks omitted); *Kershaw v. Shalala*, 9 F.3d 11, 14 (5th Cir. 1993) ("An order staying judicial proceedings is ordinarily not considered final and is hence not appealable."). The effect of the district court's order does not effectively put Bazemore "out of court" or deprive him of a federal forum. *See Kershaw*, 9 F.3d at 14. Nor can it be characterized as a "collateral order" separate from and collateral to the merits. *Id.* at 14-15 (discussing requirements for collateral order review and noting that, to be collateral, an order "must be separable from, and collateral to, the merits of the principle [sic] case."). Bazemore's attack on the stay order is intertwined with and identical to his attack on the garnishment action: he contends that the annuity policy is Angelee's separate property and, therefore, not subject to garnishment for his debt (the criminal restitution order), that the Government waived the right to the annuity by failing to file a forfeiture and, more recently, that the underlying restitution order is illegal. None of these issues is "separable from" the underlying garnishment case. Accordingly, we find no basis for jurisdiction over this appeal. We express no opinion on the merits of the underlying garnishment action.

Although Bazemore is entitled to some leeway as a pro se litigant, his continual resort to an appellate court without regard to its jurisdiction must cease. Bazemore is cautioned that filing substantively frivolous appeals or ones over which this court lacks jurisdiction constitutes grounds for sanctions.

APPEAL DISMISSED for want of jurisdiction.

4