United States Court of Appeals,

Fifth Circuit.

No. 91–3517.

BARNHARDT MARINE INSURANCE, INC., Plaintiff-Appellant,

v.

NEW ENGLAND INTERNATIONAL SURETY OF AMERICA, INC., Defendant,

Hendrik Rienstra, Defendant-Appellee.

May 26, 1992.

Appeal from the United States District Court For the Eastern District of Louisiana.

Before POLITZ, Chief Judge, SMITH, Circuit Judge, and FITZWATER,[*] District Judge.

POLITZ, Chief Judge:

Barnhardt Marine Insurance, Inc. appeals an order staying this case pending final resolution of a state court proceeding. Concluding that Burford abstention is appropriate, we affirm.

Background

Barnhardt, an insurance broker and agent, obtained marine insurance through New England International Surety of America, Inc. (NEISA). Barnhardt paid premiums to NEISA for its clients. In April of 1989 the state court in Baton Rouge, Louisiana placed NEISA in rehabilitation upon information from the Commissioner of Insurance that NEISA had abandoned its business operations and ceased paying claims. The following September the state court ordered liquidation, placed NEISA under the direction and control of the Commissioner, and stayed all suits and seizures against the insurer.[1] In the liquidation, the policies Barnhardt had place were canceled, resulting in unearned

[*]District Judge of the Northern District of Texas, sitting by designation.

[1]The Liquidation Order provided as follows:

> (a) That New England ... be and is placed in liquidation.
>
> (b) That Douglas D. Green ... is vested ... with title to all property, contracts, and rights of action with New England ...

premiums totaling $630,182.10. Barnhardt refunded the premiums to its clients and acquired their rights as subrogee.

Barnhardt brought the instant suit in federal court to recover the premiums on the canceled policies. NEISA and its President and Chairman of the Board, Heindrik Rienstra, were named as defendants. The claim against NEISA is based on breach of contract and unjust enrichment. Barnhardt alleges that Rienstra is personally liable because he depleted NEISA's funds by paying claims which NEISA did not owe. Rienstra is also charged with controlling the NEISA accounts and causing NEISA to be undercapitalized. NEISA and Rienstra filed third-party claims against the Commissioner for canceling the policies. The Commissioner counterclaimed against Rienstra for breach of his fiduciary duties to NEISA.

In a Minute Entry the district court administratively closed the case until all causes and proceedings in the state court liquidation were concluded. The court ruled that because NEISA was in liquidation, all claims had to be filed with the liquidator and given the proper priority in the state court proceeding. The court reasoned that Barnhardt's claims against Rienstra violated the state court stay because they were derivative of the contract and the unjust enrichment claims against NEISA. Barnhardt moved for reconsideration of the administrative stay contending that the personal claims against Rienstra were unaffected by the state liquidation proceedings. In a second Minute Entry the court denied the reconsideration motion, explaining that pursuit of the derivative claims against Rienstra would involve the same assets that the Commissioner was to distribute in NEISA's liquidation. The district court concluded that Barnhardt's recovery in the federal suit would allow it to leap ahead of NEISA's other creditors in a manner inconsistent with Louisiana's insurance

---

(c) That all suits and seizures against New England International Surety of America, Inc. be and are hereby stayed to prevent any preference, judgment or lien being rendered against New England International Surety of America, Inc.

*Green v. New England International Surety, Inc.,* No. 342,555 (19th Judicial District Court La. September 22, 1989) (unpublished order).

liquidation scheme. Barnhardt timely appeals.

Analysis

The decision of a district court to stay a suit pending state court proceedings is final for purposes of appellate jurisdiction. *Allen v. Louisiana State Board of Dentistry,* 835 F.2d 100 (5th Cir.1988) (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)); *see also Idlewild Bon Voyage Liquor Corp. v. Epstein,* 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962) (stay entered on abstention grounds is final). Because the administrative stay is an appealable order, the appeal in this case may be taken from the district court's Minute Entries. *See Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 78, 116 L.Ed.2d 51 (1991) (interlocutory appeal from Minute Entry order); *United States v. 119.67 Acres of Land,* 663 F.2d 1328 (5th Cir. Unit A 1981) (Minute Entry an appealable order pursuant to the *Cohen* doctrine); *Gloria Steamship Co. v. Smith,* 376 F.2d 46, 47 (5th Cir.1967) ("The Minute Entry dismissing the petition to implead was an appealable interlocutory order.").[2]

The order in this case is not contained in a "separate document" as required by Fed.R.Civ.P. 58. *See Theriot v. ASW Well Service, Inc.,* 951 F.2d 84 (5th Cir.1992) (appeal taken from a Minute Entry without compliance with the separate document requirement). We consistently have recognized, however, that the separate document requirement is not jurisdictional and may be waived. *Simmons v. Willcox,* 911 F.2d 1077, 1080–81 n. 6 (5th Cir.1990); *Nagle v. Lee,* 807 F.2d 435 (5th Cir.1987); *Hanson v. Flower Mound,* 679 F.2d 497 (5th Cir.1982); *Ringwald v. Harris,* 675 F.2d 768, 769 n. 2 (5th Cir.1982). Here, neither party has insisted upon a separate document nor objected to the lack thereof. We deem the requirement waived.

---

[2]*But note Jones v. Celotex Corp.,* 857 F.2d 273 (5th Cir.1988) (where a signed separate document entitled "Judgment" was entered, appeal had to be taken from the judgment and not from an earlier Minute Entry).

We conclude that the administrative closure was a proper application of *Burford* abstention.[3] The *Burford* doctrine is appropriate in two circumstances. First, the federal court should abstain from difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the particular case at bar. *New Orleans Public Service, Inc. v. Council of New Orleans,* 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Second, the federal court should abstain if the exercise of federal jurisdiction over the question in the case would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern.

The states have primary responsibility for regulating the insurance industry. *See* 15 U.S.C. § 1011 (declaration of Congressional policy for the McCarran–Ferguson Act). Louisiana's insurance laws provide a comprehensive framework for the liquidation of insolvent insurance companies and the resolution of claims against them. *See* La. R.S. 22:731–756; Uniform Insurers Liquidation Act, La. R.S. 22:757–763. *Burford*-type abstention is appropriate in an action against an insurance company which is the subject of a Louisiana liquidation proceeding. *Martin Insurance Agency, Inc. v. Prudential Reinsurance Co.,* 910 F.2d 249 (5th Cir.1990).[4]

Barnhardt vigorously maintains that its claims are against Rienstra and not against the insolvent insurer. Because Barnhardt seeks to recover the same assets, litigation of Barnhardt's claims in federal court would usurp Louisiana's control over the liquidation proceeding by allowing

---

[3]*Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

[4]With one exception, the Courts of Appeals are in unanimous agreement with *Martin* on the issue of *Burford*-type abstention. *See Gonzalez v. Media Elements, Inc.,* 946 F.2d 157 (1st Cir.1991); *Law Enforcement Insurance Co. v. Corcoran,* 807 F.2d 38 (2d Cir.1986), *cert. denied,* 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987); *Lac D'Amiante du Quebec Ltee v. American Home Assurance Co.,* 864 F.2d 1033 (3d Cir.1988); *Hartford Casualty Insurance Co. v. Borg–Warner Corp.,* 913 F.2d 419 (7th Cir.1990) (insurance company in rehabilitation); *Grimes v. Crown Life Insurance Co.,* 857 F.2d 699 (10th Cir.1988), *cert. denied,* 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 934 (1989). *But see Bilden v. United Equitable Insurance Co.,* 921 F.2d 822 (8th Cir.1990).

Barnhardt to preempt others in the distribution of NEISA's assets. This result would be inconsistent with the McCarran–Ferguson Act and with the comity rationale promoted by the Burford doctrine. *See Hartford Casualty Insurance Company v. Borg–Warner Corp.,* 913 F.2d 419 (7th Cir.1990) (*Burford* abstention exercised in action against parent company of an insolvent insurer).

In addition, Barnhardt's claims against Rienstra encroach upon the exclusive power that Louisiana has granted to the Commissioner in his capacity as liquidator. Barnhardt proffers three theories for Rienstra's liability: (1) Rienstra depleted NEISA's funds by paying claims for which NEISA was not liable, (2) Rienstra controlled the NEISA accounts, and (3) Rienstra caused NEISA to be undercapitalized. Each theory seeks to hold Rienstra liable for NEISA's duty to refund the unpaid premiums. Compare this to the duty of the liquidator of an insolvent insurer to identify, gather, and liquidate the assets of the insurer and to use those assets to satisfy debts. *Green v. Champion Insurance Co.,* 577 So.2d 249 (La.App.), *cert. denied,* 580 So.2d 668 (La.1991) (citing La.R.S. 22:731–764). In granting the liquidator the power to gather the assets properly within the liquidation, Louisiana law vests the concomitant power to pursue assets in the hands of non-insurers. *Green,* 577 So.2d at 259–60 (citing La.R.S. 22:737). For example, the liquidator may avoid fraudulent transfers and may recover fraudulently conveyed assets of the insolvent insurer. *See* La.R.S. 22:745.

The Commissioner is the appropriate party to bring all such claims; the state court is the appropriate forum to exercise jurisdiction over all such claims. The Louisiana Legislature clearly intended this result in fashioning the laws controlling the distribution of an insolvent insurer's assets. Louisiana's insurance liquidation laws "apply to all insurers *or persons purporting to be doing an insurance business in this state*...." La.R.S. 22:732 (emphasis added). A state court presiding over a liquidation proceeding has authority to issue injunctions or other orders necessary to prevent interference with the Commissioner's title, rights, or interests in the insurer's assets. La.R.S. 22:734. The state court's injunctive power extends to the insurer's "officers, agents, directors, employees and

*all other persons.*"  In using this broad language, the Louisiana Legislature clearly empowered state courts to issue all orders made necessary by the myriad circumstances arising in a liquidation proceeding.  *Green,* 577 So.2d at 260.  Persons who may have access, control, or possession of the insurer's assets are properly before the state court.  The allegations against Rienstra should be resolved in the state liquidation proceeding, with all of NEISA's creditors equally benefiting from Louisiana's insurance liquidation protocols.

For the reasons assigned, the decision of the district court is AFFIRMED.