UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 95-60256

BROWN & WILLIAMSON TOBACCO CORP.,

Plaintiff-Appellant,

versus

MERRELL WILLIAMS, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:95-CV-76GR)

February 22, 1996
Before KING, STEWART, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:[*]

Plaintiff Brown & Williamson appeals the district court's order staying the instant proceedings under *Burford v. Sun Oil Co.*[1] and *Colorado River Water Conservation Dist. v. United States.*[2] Finding that we have jurisdiction to hear this appeal and that these abstention doctrines do not apply, we reverse and remand.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1. 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943).

2. 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

## I. FACTS

Brown & Williamson is a manufacturer of cigarettes. B&W is facing suits in several jurisdictions, including Mississippi, related to its potential liability for medical problems and health care costs caused by its cigarettes and to its alleged misrepresentations regarding the health risks of smoking. Certain documents likely relevant to such litigation have circulated through the press, the halls of Congress, the academic and legal communities.

In the present case, Brown & Williamson alleges that such documents were wrongfully removed from the offices of its attorneys by defendant Merrell Williams. In addition, Brown & Williamson joined in this action certain defendants who allegedly conspired with and induced Williams to disclose the documents and information improperly obtained. Brown & Williamson filed suit in the federal district court, claiming (1) tortious interference with contract, (2) inducing breach of fiduciary duty, (3) inducing violation of an injunction of a Kentucky court, (4) inducing violation of ethical duties, (5) conversion, and (6) civil conspiracy. Defendant M & S Enterprises filed a motion to dismiss and, in the alternative, a motion to abstain. The district court denied M & S Enterprises' motion to dismiss for failure to state a claim, but granted its motion to abstain and stayed the proceeding and its ruling on pending discovery motions.

## II. DISCUSSION

### A. JURISDICTION.

This Court has held that for purposes of appellate jurisdiction, a district court's decision to stay a suit pending state court proceedings is a final order. *Lewis v. Beddingfield*, 20 F.3d 123 (5th Cir. 1994); *Kershaw v. Shalala*, 9 F.3d 11 (5th Cir. 1993); *Barnhardt Marine Ins., Inc. v. New England Int. Surety of America, Inc.*, 961 F.2d 529 (5th Cir. 1992); *Allen v. Louisiana State Bd. of Dentistry*, 835 F.2d 100 (5th Cir. 1988).

### B. ABSTENTION.

"We review a district court's decision to abstain for abuse of discretion. However, the allowable discretion is quite narrow, because it `must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved.'" *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 313 (5th Cir. 1993). Whether a particular abstention doctrine can be applied in the present case may be characterized as a question of law.

The district court held that abstention in the present case was appropriate under *Burford v. Sun Oil Co.*, and *Colorado River Water Conservation Dist. v. United States*.[3] "*Burford* abstention is proper `where timely and adequate state-court review is available,'

---

3. The district court also cited *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S. Ct. 1070, 3 L. Ed. 2d 1058 (1959) and *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) in support of its decision, but did not rely on those cases as independent bases for its decision. Therefore, we need not address abstention under those cases separately.

and `where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."'" *Wilson*, 8 F.3d at 314.

"*Colorado River* permits federal courts to abstain from exercising their jurisdiction over a case where `considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation"' so warrant." *Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1264 (5th Cir. 1994). "Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State Court would clearly serve an important countervailing interest." *Id*. (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14, 103 S. Ct. 927, 936, 74 L. Ed. 2d 765 (1983)). "[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone*, 460 U.S. at 29, 103 S. Ct. at 943.

Both doctrines are limited to cases where there is parallel litigation in state court regarding the same claims that are at issue in the federal litigation. Under *Burford*, this limitation is clearly contemplated by the "adequate state court review" requirement. Under *Colorado River*, as the Supreme Court has clearly indicated, abstention is only appropriate if the state court litigation will fully resolve the substantive claims of the

4

litigants in the federal litigation. *See Moses H. Cone, supra*. Since it is undisputed that there is no "parallel" litigation in state court, abstention cannot be justified in the present case under either *Burford* or *Colorado River*. Thus, the district court's order staying the instant proceedings on the basis of abstention must be reversed.

However, we do not mean to indicate that the district court's concerns regarding potential interference with ongoing state court proceedings are unfounded. Although we must reverse the district court's order, we note that the district court may, in its sound discretion, control the proceedings before it in a manner that promotes efficient disposition and minimizes undesirable interference with related proceedings.

In addition, we are concerned by Brown & Williamsons's decision to join in this action "John Doe" defendants who appear to be attorneys involved in prosecuting various state court actions against Brown & Williamson. The conduct of this type of action against such attorneys creates the appearance, at least, of an attempt to harrass and intimidate opponents. We must not allow this forum to be used for such a purpose. Therefore, on remand, the district court should determine whether attorneys have been joined as defendants in this action for an improper purpose. To the extent Brown & Williamson has claims against such attorneys defendants that should be allowed to proceed, the district court should schedule the necessary proceedings in this action so as not to prejudice legitimate claims against Brown & Williamson in other

5

jurisdictions and so as not to allow undue harrassment of such attorneys or their clients.

## III. CONCLUSION

For the foregoing reasons, the order of the district court staying the instant proceeding under the *Burford* and *Colorado River* doctrines of abstention is **REVERSED**, and this case is **REMANDED** to the district court for further proceedings consistent with this opinion.