**PHICO INSURANCE COMPANY,**
**(In Liquidation), Plaintiff,**

v.

**PAVIA HEALTH, INC., Defendant.**

**No. CIV.05–1292(JAF).**

United States District Court,
D. Puerto Rico.

Feb. 2, 2006.

Eric Perez–Ochoa, Juan L. Duquela–Fuentes, Fernandez & Perez–Ochoa, San Juan, PR, for Plaintiff.

Rafael Mayoral–Morales, Latimer, Biaggi, Rachid & Godreau, San Juan, PR, for Defendant.

### OPINION AND ORDER

FUSTE, Chief Judge.

On March 15, 2005, Plaintiff, Phico Insurance Company, initiated the present diversity suit against Defendant, Pavía Health, Inc., seeking damages for unpaid deductible amounts owed under the terms of a liability insurance contract that existed between the parties. *Docket Document No. 1.* On May 23, 2005, Defendant Pavía filed an answer and counterclaim, alleging that Plaintiff's own breach of the insurance contract in question resulted in damages to Defendant that should be set-off and credited against the amount sought by Plaintiff Phico. *Docket Document No. 2.*

On July 1, 2005, Plaintiff Phico filed a Federal Rule 12(b)(6) motion to dismiss Defendant Pavía's counterclaim, *Docket Document No. 10,* and Defendant opposed the motion. *Docket Document No. 11.* Plaintiff filed a reply to Defendant Pavía's opposition on August 23, 2005, introducing the argument that this court should abstain from hearing Defendant's counterclaim, pursuant to Federal Rule 12(b)(1), *Docket Document No. 19,* and Defendant filed a sur-reply on September 15, 2005. *Docket Document No. 22.*

### I.

### *Factual and Procedural Synopsis*

Unless otherwise indicated, we derive the following factual summary from Defendant's answer and counterclaim. *Docket Document No. 1.* As we must, we "accept as true the factual averments of the [counterclaim] and draw all reasonable inferences therefrom in the [nonmovants]' favor." *Educadores Puertorriqueños en Accion v. Hernandez,* 367 F.3d 61, 62 (1st Cir.2004).

In August 2000, Plaintiff Phico, a Pennsylvania insurance company, issued a Health Care Providers Liability Policy to Defendant Pavía, a corporation organized and operating under the laws of the Commonwealth of Puerto Rico. Under the terms of the policy, Plaintiff was to provide Defendant with primary and umbrella insurance coverage in consideration for Defendant's payment of an agreed-upon premium. Defendant Pavía additionally was responsible for a $50,000 deductible for each medical incident or staff privileges incident that triggered Plaintiff's coverage responsibilities. The aggregate of all deductible amounts Defendant Pavía would be liable for under the policy was not to exceed $300,000.[1]

In February 2002, the Commonwealth Court of Pennsylvania placed Plaintiff Phi-

---

1. The "Insured's Assumption of Indemnity and Defense Costs"' portion of the policy, in pertinent part, states:

    In consideration of reduced premium, [Phico's] obligation under IL Coverage to pay damages, and related costs, expenses, charges, legal expenses and legal fees when due, resulting from each medical incident shall apply only in excess of a deductible amount of $50,000.00.

    . . . .

    The aggregate of all such deductible amounts shall not exceed $300,000.00 as respects (a) the period of coverage under this policy, including Prior Acts coverage, if any, and (b) the extended reporting period, if any.

    Reference to this section of the Policy is not meant to form a definitive, final interpretation of each party's obligations arising out of the contract, but is presented solely for the purposes of providing a general background.

co into liquidation and, pursuant to Article V of the Pennsylvania Insurance Department Act ("PA Insurance Act"), assigned the Commissioner of Insurance of Pennsylvania to take possession of Plaintiff's property and business affairs. *Docket Document No. 10, Exh. 1.* As a result of Plaintiff's liquidation, Defendant Pavía alleges that it was left without adequate and sufficient insurance coverage, and was consequently required to spend in excess of $700,900 in deductible and indemnity amounts for claims that Plaintiff had otherwise been obligated to cover.

On March 15, 2005, Plaintiff initiated this diversity action against Defendant, seeking $226,257.24 in damages for deductible amounts and interest on the outstanding balance it claimed Defendant owed, but had never paid. *Docket Document No. 1.* On May 23, 2005, Defendant Pavía filed an answer and counterclaim, alleging that due to Plaintiff's breach of the insurance policy, the over $700,900 that Defendant had been forced to spend in defending claims, for which Plaintiff had originally been responsible, should be credited and set-off against the damages sought by Plaintiff, ultimately resulting in an overall balance in Defendant's favor. *Docket Document No. 7.*

On July 1, 2005, Plaintiff filed a motion to dismiss Defendant's counterclaim, *Docket Document No. 10,* asserting that it was barred as a matter of law under the Insurance Code of Puerto Rico ("P.R. Insurance Code"). *Docket Document No. 10.* Defendant filed an opposition to the motion on July 12, 2005. *Docket Document No. 11.* Plaintiff filed a reply to Defendant's opposition on August 23, 2005, arguing that this court should abstain from hearing Defendant's counterclaim, in order to give full faith and credit to the Pennsylvania court liquidation order or, in the alternative, that the counterclaim was barred as a

matter of law under the PA Insurance Act. *Docket Document No. 19.* Defendant filed a sur-reply on September 15, 2005. *Docket Document No. 22.*

## II.

### *Legal Standards*

#### A. *Motion to Dismiss Standard Under Rule 12(b)(1)*

Under Rule 12(b)(1), a defendant may move to dismiss an action against her for lack of federal subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of it. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995) (citation omitted). In assessing a motion to dismiss for lack of subject matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir.1998) (citing *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1, 1 (1st Cir.1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar,* 330 U.S. 731, 734–35, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996) (citation omitted).

#### B. *Motion to Dismiss Standard Under Rule 12(b)(6)*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him based solely on the pleadings for a plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin

by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993); *see also Coyne v. City of Somerville*, 972 F.2d 440, 442–43 (1st Cir.1992). We then determine whether the defendant has stated a counter-claim under which relief can be granted.

We note that a plaintiff must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a) in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Morales–Villalobos v. Garcia–Llorens*, 316 F.3d 51, 52–53 (1st Cir.2003); *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55–56 (1st Cir.1999). A plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. *Swierkiewicz*, 534 U.S. at 512–515, 122 S.Ct. 992. "Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 514, 122 S.Ct. 992 (citation omitted).

## III.

### Legal Analysis

Plaintiff Phico's initial motion to dismiss argued that Article 40.210(1) of the P.R. Insurance Code barred Defendant Pavía's counterclaim, since the provision explicitly prohibits an action at law from being brought against a foreign insurer undergoing liquidation. 26 L.P.R.A. § 4021(1) (1997);[2] *Docket Document No. 10.* In its opposition, Defendant points out that Article 40.270 expressly recognizes the right of a policyholder to set-off and/or to file a counterclaim against an insurer in liquidation, 26 L.P.R.A. § 4027, provided that allowance of the counterclaim would not have the effect of creating a preference.[3]

In its reply to Defendant Pavía's opposition brief, Plaintiff appears to abandon its original argument for dismissal and, instead, contends that: (1) this court lacks jurisdiction over the counterclaim as we must give full faith and credit to the Pennsylvania Court's Liquidation Order; or, alternatively, (2) Section 532 of Article V of the PA Insurance Act, 40 P.S. § 221.32 (2005)—and not Article 40.270 of the P.R. Insurance Code, 26 L.P.R.A. § 4027—is the relevant statute to be applied, and under its terms, Defendant is barred from asserting its counterclaim. *Docket Document No. 19.* We examine each of Plain-

2. The pertinent part of the statute states:

Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in Puerto Rico, no action at law shall be brought against the insurer or the liquidator, whether in Puerto Rico or elsewhere, nor shall an action of that nature be maintained or entered after issuance of such order.

3. Article 4027 reads:

(1) Mutual debts or mutual credits between the insurer and another person in relation to any action or proceeding pursuant to this chapter shall be set-off and the balance shall only be allowed or paid as provided in subsection (2) and section 4030 of this title. 26 L.P.R.A. § 4027.

Article 40.250(1)(a) of the Insurance Code of Puerto Rico defines a "preference" as "the transfer of any property of an insurer to or for the benefit of a creditor, for or on account of an antecedent debt made or accepted by the insurer within a year prior to the filing of a successful petition for liquidation pursuant to this chapter whose effect may be to enable the creditor to obtain a greater percentage of this debt than another creditor of the same class would receive." 26 L.P.R.A. § 4025(1)(a).

tiff Phico's arguments, and for the reasons stated below, deny its motion to dismiss.

### A. *Full Faith and Credit to the Pennsylvania Liquidation Order*

Plaintiff Phico argues that this court lacks jurisdiction to entertain Defendant's counterclaim against it, as the Commonwealth Court of Pennsylvania's liquidation order "specifically asserts . . . exclusive jurisdiction over all determinations of the validity and amount of claims against Phico; and . . . exclusive jurisdiction over the determination of the distribution priority of all claims against Phico." *Docket Document No. 10, Exh. 1.* The liquidation order further provides that "[n]o action at law or equity, including but not limited to arbitrations and mediations, shall be brought against Phico . . . whether in this Commonwealth or elsewhere . . . ." *Id.* Plaintiff Phico asserts that pursuant to 28 U.S.C. § 1738 (2005), this court must give full faith and credit to the Pennsylvania liquidation order and must, therefore, refuse to consider Defendant Pavía's counterclaim. *Docket Document No. 19.*

In *Cruz Fernandez v. Universal Health Services,* Civil No. 00–2513(HL), Order of February 13, 2002, a federal court in this district denied a motion by a plaintiff, insured by Phico, who sought a stay of the federal action on the basis of the same Pennsylvania liquidation order before us now. The court's denial was based upon the bedrock principle that state courts do not possess the power to enjoin federal court proceedings. *Id.* at *2; *Fragoso v. Lopez,* 991 F.2d 878, 881 (1st Cir.1993) (citing *Gen. Atomic Co. v. Felter,* 434 U.S. 12, 17, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977); *Donovan v. Dallas,* 377 U.S. 408, 413, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964)) ("We start with bedrock: a state court cannot enjoin federal proceedings . . . the prohibitions contained in the [state court's] Liquidation Order do not bind this court."). Although the party seeking the stay in *Cruz Fernandez* was not the insurer subject to liquidation, but rather one of the insured, this distinction was not integral to the finding that the Pennsylvania order liquidating Phico could not force a federal court to stay proceedings. Civil No. 00–2513(HL) at *2. Prior to noting that the Plaintiff was an insured, and not the insurer in liquidation, the court stated that there was a "powerful[ ] reason to deny this motion. Simply put, it is axiomatic that state courts do not possess the power in our system of federalism to enjoin a federal court case. This basis alone is sufficient to deny the present motion." *Id.* (internal citations omitted).

Plaintiff Phico has chosen not to invoke the abstention doctrine set forth in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). However, due to *Burford's* frequent application in matters involving insurance company liquidation, we find it necessary to briefly discuss why *Burford* abstention is not applicable to the case at hand. *See Sevigny v. Emplrs. Ins. of Wausau,* 411 F.3d 24, 28 (1st Cir.2005) (citing *Feige v. Sechrest,* 90 F.3d 846, 847–48 (3d Cir.1996); *Barnhardt Marine Ins., Inc. v. New Eng. Int'l Sur. of Am., Inc.,* 961 F.2d 529, 531–32 (5th Cir.1992); *Hartford Cas. Ins. Co. v. Borg–Warner Corp.,* 913 F.2d 419, 425–27 (7th Cir.1990); *Lac D'Amiante du Quebec, Ltee v. Am. Home Assurance Co.,* 864 F.2d 1033, 1042–49 (3d Cir.1988); *Law Enforcement Ins. Co. v. Corcoran,* 807 F.2d 38, 43–44 (2d Cir.1986)).

Under *Burford,* a federal court, in certain circumstances, is required to "abstain in favor of state processes where federal litigation would interfere with a state administrative scheme and where adequate state judicial review exists." *Sevigny,* 411 F.3d at 26 (citing *Burford,* 319 U.S. 315, 63

S.Ct. 1098). While "the fundamental concern in *Burford* is to prevent federal courts from bypassing a state administrative scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution," some issues arising in or bearing upon state proceedings can be litigated in federal court without threatening state policy. *Sevigny,* 411 F.3d at 27, 28 (quoting *Pub. Serv. Co. of N.H. v. Patch,* 167 F.3d 15, 24 (1st Cir.1998)).

In *Sevigny,* the First Circuit found that a case involving the construction of a state statute governing set-offs and its application was a conventional issue, "not so intertwined with issues of agency authority or state regulatory policy that their federal-court resolution would imperil a complex regulatory scheme" and, therefore, reversed a district court's prior order that had remanded the case to a New Hampshire state court. 411 F.3d at 29.

■ As in *Sevigny,* the issue presently before this court is whether a set-off may be applied against a liquidated insurer. Given our "virtually unflagging obligation . . . to exercise the jurisdiction given" to us, and consistent with the First Circuit's holding in *Sevigny,* we find that our consideration of this matter will not threaten state policy and, therefore, decline to abstain from adjudicating Defendant Pavía's counterclaim. *Id.* at 30 (quoting *Col. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).

### B. *Choice of Law*

In order to move forward in determining whether Defendant's counterclaim is allowed as a matter of law, we must determine whether the provisions of the PA Insurance Act, 40 P.S. § 221.32, or those of the P.R. Insurance Code, 26 L.P.R.A. § 4027, will govern our analysis. Although Plaintiff Phico, in its motion to dismiss, relied on the P.R. Insurance Code as its sole legal authority for arguing that Defendant's counterclaim was barred by statute, *Docket Document No. 10,* in its Reply to Defendant's opposition, Phico changed tack and asserted that since it had been placed into liquidation pursuant to an order from a Pennsylvania Superior Court, it is the PA Insurance Act, and not the P.R. Insurance Code, that is presently applicable. *Docket Document No. 19.*

Plaintiff does not contest the fact that prior to its liquidation any disputes arising from its insurance policy with Defendant would be governed by Puerto Rico law. Paragraph 16 of the "General Conditions" section of the insurance contract states that the policy between the parties shall be "construed in accordance with the law of the jurisdiction in which it was issued for delivery." *Docket Document No. 1, Exh. 1.* According to the section of the contract entitled, "Endorsement Effective Date," the policy was endorsed and made effective at the address of the named insured, Defendant Pavía Health, in Hato Rey, Puerto Rico, supporting the conclusion that it is Puerto Rico law that would govern disputes regarding this contract. *Id.*

■ Given this explicit provision in the policy, Plaintiff's newfound reliance on the PA Insurance Act implies that its position is that once an insurer has been placed into liquidation pursuant to the laws of Pennsylvania, all further proceedings involving that insurer, regardless of any past agreements to the contrary, must thereby be governed by Pennsylvania law. We cannot agree with such a sweeping claim.

Like the present case, *Hawthorne Sav. F.S.B. v. Reliance Ins. Co.,* 421 F.3d 835 (9th Cir.2005), involved an insurance company in a diversity action that had been placed into liquidation by a Commonwealth

of Pennsylvania court. Despite the Pennsylvania liquidation order, the Ninth Circuit stated that "[t]here is no question, nor do the parties contest, that the merits of [the suit] turn on questions of California substantive law." *Id.* at 841. In *Hawthorne,* the Pennsylvania liquidation order did not transform a preexisting California state law issue into one governed by Pennsylvania law. Similarly, in the case at bar, under the terms of the insurance policy agreed upon by both Phico and Pavía, the policy was to be governed by the laws of Puerto Rico. *Docket Document No. 1, Exh. 1.* The Pennsylvania court order liquidating Plaintiff Phico does not alter this previously agreed upon condition.

Additionally, there is nothing in the P.R. Insurance Code suggesting that its provisions are not to apply once a foreign insurer has been placed into liquidation in another jurisdiction. Rather, the P.R. Insurance Code explicitly contemplates the existence of such foreign insurance companies in liquidation, and considers them entities that may be covered by its reach. 26 L.P.R.A. § 4002(2).

In the "Rehabilitation and Liquidation" chapter of the P.R. Insurance Code, "Persons Covered" include any insurer who is transacting, or has transacted insurance business in or from Puerto Rico. *Id.* The chapter further specifies that an "insurer" is one that "is or has been subject to ... liquidation ... by any insurance commissioner." 26 L.P.R.A. § 4003(12). By referencing "any" insurance commissioner, it is clear that the P.R. Insurance Code does not waive jurisdiction over insurers who have transacted insurance business in Puerto Rico, even if an insurance commissioner from outside the Commonwealth has placed that insurer in liquidation.

Plaintiff Phico clearly falls under the purview of this definition, and given the terms of the original insurance policy between the parties, the provisions of the P.R. Insurance Code shall govern the case at hand.

## C. Counterclaims Against a Liquidated Insurer

Although counterclaims against an insurer in liquidation are generally disallowed under the P.R. Insurance Code, 26 L.P.R.A. § 4021(1), the Code does allow for set-offs and credits for mutual debts or credits between an insurer in liquidation and another party, subject to certain limitations. 26 L.P.R.A. § 4027. Plaintiff Phico argues that the set-off sought by Defendant's counterclaim is not "mutual" to the debts Plaintiff seeks in its original complaint, and must, therefore, be dismissed. *Docket Document No. 19.*

Plaintiff Phico, relying exclusively upon Pennsylvania case law interpreting the Pennsylvania counterpart provision to Article 40.270, 40 P.S. § 221.32, argues that debts must share mutuality of time in order to be deemed mutual. *Koken v. Legion Insurance Company,* 865 A.2d 945 (Pa.Comwlth.Ct.2004). Plaintiff claims that while the debts it is seeking from Defendant arose prior to its being placed into liquidation, the debts referred to in Defendant's counterclaim are those arising after liquidation and, therefore, do not share "mutuality in time." Consequently, Plaintiff asserts, the statutory provision allowing for a set-off is not applicable. *Docket Document No. 19.*

Defendant Pavía responds by asserting that although the PA Insurance Act provision in question, 40 P.S. § 221.32,[4] shares

---

4. Section 221.32 states:
   (a) Mutual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this article shall be setoff and the balance

virtually identical language with Article 40.270 of the P.R. Insurance Code, 26 L.P.R.A. § 4027, under the Civil Code of Puerto Rico mutuality in time for set-offs is not necessary in order for debts to be considered mutual. 31 L.P.R.A. § 3221.[5] Defendant argues that according to Puerto Rico law, the determination of mutuality of debts does not rely upon the moment when the credit arises, but rather on the existence of a mutuality of credits at the moment that each of the parties make their respective demands. *Docket Document No. 22.* However, Defendant fails to provide, nor can this court find, any legal support for this assertion.

█ We find that it is currently unnecessary to reach the issue of whether mutuality of time is required for a counterclaim or set-off to be permitted under Article 40.270 of the P.R. Insurance Code, especially given that neither party has adequately briefed the matter. Even accepting, *arguendo*, Plaintiff's assertions that mutuality of time is required for debts to be considered mutual under Puerto Rico law, we cannot, at this stage of the proceedings, accept Plaintiff's conclusion that Defendant's counterclaim does not share mutuality of time with the damages sought by Plaintiff in its complaint.

Defendant Pavía states that eight months subsequent to Plaintiff Phico's liquidation, Plaintiff sought only $29,179.17 in unpaid deductible amounts, as compared to the over $226,257.24 it presently seeks in the current action. According to Defendant, this disparity may be based on the new inclusion of deductibles for claims submitted by Defendant Pavía to the Puerto Rico Guaranty Association subsequent to Plaintiff's liquidation.

Upon Plaintiff's liquidation, the Puerto Rico Guaranty Association became an ancillary receiver to assure and oversee that all of Plaintiff's local policyholders and claimants could funnel their insurance policy claims against Plaintiff Phico through the Guaranty Association's insurance fund. Defendant asserts that the new amount Plaintiff currently seeks is comprised in part of deductible amounts relating to post-liquidation claims Defendant had made to the Puerto Rico Guaranty Association. Defendant concludes that this assertion, if true, means that Plaintiff seeks debts that arose both pre- and postliquidation. As we must draw all reasonable inferences in favor of Defendant Pavía in this motion to dismiss, *Educadores Puertorriqueños en Accion,* 367 F.3d at 62, we must, for now, consider this assertion as true.

We, therefore, find that Plaintiff seeks damages from Defendant that arose both prior and subsequent to Plaintiff's liquidation. As such, regardless of when the damages contained in Defendant's counterclaim are found to have arisen, we find that the arguable requirement mandating mutuality of time between debts sought in the complaint and the counterclaim has been met. As Plaintiff has not provided any further objections to Defendant's counterclaim, we hold that the counter-

---

only shall be allowed or paid, except as provided in subsection (b).
40 P.S. § 221.32.

5. Section 3221 states that "[c]ompensation shall take place where two (2) persons, in their own right, are mutually creditors and debtors of each other." *Id.* Section 3222 of the same title sets forth the requisites for a setoff under Puerto Rico law. Compensation has been recognized as the Commonwealth equivalent of setoff, which is primarily a device allowing for the convenient simplification of relations between mutually indebted parties. *United Structures of Am., Inc. v. G.R.G. Eng.,* 9 F.3d 996, 1000 (1st Cir.1993) (citing *Walla Corp. v. Banco Comercial De Mayaguez,* 114 D.P.R. 216, 225 (1983)).

claim is permitted under Article 40.270 of the P.R. Insurance Code.

### IV.

### *Conclusion*

In accordance with the foregoing, we **DENY** Plaintiff's motion to dismiss, *Docket Document No. 10.*

**IT IS SO ORDERED.**